UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAM KAMARA,<br><br>    Plaintiff,<br><br>    v.<br><br>WALGREENS, INC.; RONNY CHIU;<br>DENNIS BROWN, and DOES 1-100<br><br>    Defendants. | No. 05-01786 SC<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION TO<br>REMAND AND GRANTING<br>PLAINTIFF'S MOTION<br>FOR COSTS AND<br>ATTORNEY'S FEES |

## I. **INTRODUCTION**

Plaintiff Mariam Kamara ("Plaintiff") filed this action in Alameda County Superior Court on February 4, 2005 against her former employer Walgreens, Inc. ("Walgreens"), and also Ronny Chiu ("Chiu") and Dennis Brown ("Brown"), and Does 1-100 (collectively "Defendants").  Chiu and Brown are currently employees of Walgreens and were formerly Plaintiff's supervisors.  Defendants removed the action to Federal Court on April 29, 2005.  Plaintiff now moves for remand to state court and for costs and expenses incurred in bringing the motion.  For the reasons contained herein, this Court hereby GRANTS Plaintiff's motion and REMANDS the matter to Alameda County Superior Court.  Plaintiff's motion

1  for costs and expenses is GRANTED.

2

3  **II.  BACKGROUND**

4  Plaintiff, a citizen of California, filed this action under
5  California's Fairness in Employment and Housing Act ("FEHA")
6  seeking damages for alleged racial, national origin, and gender
7  discrimination; unlawful retaliation; intentional and negligent
8  infliction of emotional distress; bad faith; negligence;
9  attorney's fees and costs, and punitive damages.  Compl. p. 1.
10 Specifically, Plaintiff, who worked as a Pharmacy Manager for
11 Walgreens in Berkeley, California, alleges that Chiu and Brown
12 illegally mistreated her because she was an African-American
13 female from Liberia.  Id. at 3-5.

14 Plaintiff filed this action in The Superior Court for the
15 County of Alameda on February 4, 2005.  On April 29, 2005,
16 Defendants removed the action to Federal Court, claiming that
17 diversity exists between Plaintiff and Defendants.  Plaintiff now
18 moves this Court to remand the case to state court.

19 The parties agree that Plaintiff, Chiu and Brown are
20 residents of California.  The parties dispute, however, whether
21 Chiu and Brown are proper defendants. Specifically, Plaintiff
22 contends that Chiu and Brown are proper defendants and that their
23 presence destroys the Court's diversity jurisdiction over the
24 case.  Plaintiff's Memorandum, at 3.  Defendants contend that Chiu
25 and Brown are fraudulently joined defendants and that the Court
26 should not count their presence in determining whether it has
27 jurisdiction over the case.  Defendants' Notice at 2-3.

28

United States District Court
For the Northern District of California

**III. <u>LEGAL STANDARD</u>**

Suits filed in state court may be removed to federal court where the federal court would have had original jurisdiction over the action in the first instance.  28 U.S.C. § 1441(a).  The federal courts have original jurisdiction over all civil actions where the matter is between citizens of different states and the controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.

The removal statute is strictly construed against removal.  See <u>Boggs v. Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988).  The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case.  See <u>Gaus v. Miles, Inc.</u> 980 F.2d 564, 566 (9th Cir. 1992).

"The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is <u>absolutely</u> <u>no</u> <u>possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant." <u>Davis v. Prentiss Properties Ltd.</u>, Inc., 66 F.Supp.2d. 1112, 1113 (C.D. Cal. 1999), citing <u>Green v. Amerada Hess Corporation</u>, 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).  Because there is a presumption against fraudulent joinder, a court should resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."  <u>Id</u>.

**IV. <u>DISCUSSION</u>**

A. <u>Plaintiff's Motion to Remand</u>

Defendants contend that Chiu and Brown cannot destroy

3

diversity because they are fraudulently joined defendants. Specifically, Defendants contend that the two "cannot be individually liable for their actions taken as agents of Walgreens, or in the course and scope of their employment." Defendants' Notice at 3. Rather, Defendants contend, "any liability imposed on Chiu and Brown for such actions would be 'passed through' to Walgreens." Id.

The Court finds that Defendants' contentions are without merit. Defendants contend that the California Supreme Court, in Reno v. Baird, 18 Cal.4th 640 (1988), ruled that employers, not individual managers and supervisors, are liable under FEHA, California Government Code Section 12926, for facially legitimate management decisions - hiring, termination, assignment of duties, etc. - later determined to be discriminatory. The actions of Chiu and Brown, Defendants contend, were within the legitimate scope of their duties as supervisors. This being so, if these actions were discriminatory, Plaintiff cannot permissibly sue Chiu and Brown.

While this may be true for some of Plaintiff's claims, Plaintiff does allege that Chiu's and Brown's actions were also retaliatory. Compl. at 8. Although the California Supreme Court, in Reno v. Baird, limited the applicability of California Government Code Section 12926 to employers, the California Court of Appeal, in a later case, overturned summary judgment for defendant supervisor on plaintiff's retaliation claim under Section 12940(h). See Walrath v. Sprinkel, 99 Cal.App.4th. 1237, 1242 (2002). The Court of Appeal distinguished Baird on the ground that the statute addressed in Baird lacked the "any person"

4

language of Section 12940(h), thus 12940(h) allows plaintiffs to state claims of retaliation against supervisors. Id. The Court of Appeal based its decision in part on an earlier Ninth Circuit decision, Winarto v. Toshiba America Electronics Components, 274 F.3d 1276, 1288 (9th Cir. 2001).

Plaintiff does allege that Chiu's and Brown's actions were retaliatory. Compl. at 8. Because FEHA permits Plaintiff to sue her supervisors for retaliation, she has the possibility of sustaining a cause of action against Chiu and Brown. Thus, Defendants have not demonstrated that there is absolutely no possibility that Plaintiff can establish a cause of action against Chiu and Brown. Therefore, Chiu and Brown are not fraudulently joined defendants and their presence in the case is proper. Because their presence destroys diversity, the Court must remand the case to the Superior Court for the County of Alameda.

B.   Plaintiff's Motion for Costs and Attorney's Fees

Plaintiff asks the Court to award her attorney's fees and costs in the amount of $2,025.00 or an amount the Court deems appropriate.

The Court, on granting a motion for remand, may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C.§ 1447(c). An award of attorney's fees under the statute is purely discretionary. Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). The defendant's good faith is immaterial. Tenner v. Zurek, 168 F.3d 328, 329-330.

Federal Courts also have authority under Federal Rule of Civil Procedure 11 and inherent equitable power to assess attorney's fees as sanctions against a party whose litigation conduct is found to be "vexatious" or in "bad faith." See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-767 (1980). Award of attorney fees here is discretionary. Valdes, 119 F.3d at 292. Such an award is inappropriate "where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith." Schmitt v. Insurance Company of North America, 845 F.2d 1546, 1552 (9th Cir. 1988).

The Court awards $2,025.00 to Plaintiff. Defendants' counsel should have been aware of and mentioned highly relevant legal authority contrary to their position, if only to distinguish it from the instant case. Furthermore, Defendants cite Janken v. GM Hughes Eletronics, 46 Cal.App.4th 55 (1996) for the proposition that supervisors cannot be sued for retaliation under FEHA. Janken addressed discrimination and harassment, not retaliation and is therefore inapposite to Defendants' position. Id. at 79-80.

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is hereby GRANTED, and this matter is REMANDED to the Superior Court for the County of Alameda. Plaintiff's motion for costs and attorney's fees is GRANTED.

//

6

1   IT IS SO ORDERED.

2   Dated: September 28, 2005

3   _____
    UNITED STATES DISTRICT JUDGE

7